## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

JA Doe 1, an individual,

        Plaintiff,

Case No. 24-cv-4347 (JWB/DJF)

v.

Heartland Ivy Partners LLC a/k/a and f/k/a
Heartland Realty Investors, Inc. d/b/a Hotel
Ivy; Ivy Equity Partners LLC d/b/a Hotel Ivy;
and Wischermann Partners, Inc.,

**ORDER**

        Defendants.

This matter is before the Court on Plaintiff JA Doe 1's Motion to Proceed Under Pseudonym ("Motion") (ECF No. 4). Plaintiff is suing Defendants on a variety of federal and state law claims arising from Defendants' alleged role in connection with non-party Anton Lazzaro's sex trafficking of Plaintiff (*see* ECF No. 13). Plaintiff is seeking to proceed in this litigation under a pseudonym to protect her privacy and prevent retaliation (*see* ECF No. 6 at 8-11). Defendants do not oppose the Motion. (*See* ECF No. 4.) For the reasons given below, the Court grants the Motion.

The Eighth Circuit Court of Appeals recently established the standard by which a litigant may proceed under a pseudonym in *Cajune v. Independent School District 194*, 105 F.4th 1070, 1077 (8th Cir. 2024). "A party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Id.* In weighing these interests, district courts must exercise their discretion in considering the following non-exhaustive list of factors: (1.) whether "the party seeking anonymity was challenging government activity"; (2.) whether "identification threatened to reveal information of a sensitive and highly personal nature"; (3.) whether "a party would be required, absent

anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution; (4.) "the danger of retaliation"; (5.) "whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant"; (6.) "whether the public's interest in the case is furthered by requiring that the litigants disclose their identities"; and (7.) "whether there exist alternative mechanisms that could protect the confidentiality of the litigants." *Id* at 1077-78.

Plaintiff argues that the Court should grant the Motion because: (1.) in another civil matter concerning the sex trafficking crimes at issue in this case, the District Court of Minnesota allowed Plaintiff and her parents to proceed under pseudonyms based on a legal analysis that was consistent with *Cajune*, *see Doe 1 v. Lazzaro*, No. 21-CV-1985 (JWB/DJF), 2023 WL 4545066, at *1-2 (D. Minn. July 14, 2023); and (2.) the *Cajune* standard favors Plaintiff's Motion. (*See* ECF No. 6 at 1.) The Court agrees. In *Lazzaro*, the Court considered many of the same factors that the Eighth Circuit highlighted in *Cajune*. *Compare Lazzaro*, 2023 WL 4545066, at *1-2 (factors considered included: whether the litigation involves matters that are highly sensitive and of a personal matter; prejudice to defendant; whether public's interest would be furthered by requiring disclosure of plaintiffs' identities; and whether alternatives exist to adequately protect plaintiffs' interests), *with Cajune*, 105 F.4th at 1077. The underlying facts are substantially the same in this case as they were in *Lazzaro*, and the Court finds that the *Cajune* factors weigh in Plaintiff's favor now to the same extent as they did before. Moreover, Defendants have stated they do not oppose the motion, whereas the defendant in *Lazzaro* expressed no position. In doing so, Defendants implicitly concede that allowing Plaintiff to proceed under a pseudonym will not unfairly prejudice them.

The Court also grants the Motion because publicly identifying Plaintiff would likely cause her severe psychological harm due to the nature of the crimes central to this litigation. *See Lazzaro*, 2023 WL 4545066, at *1-2 (citing *Doe v. Innovate Financial, Inc.*, No. 21-cv-1754 (JRT/TNL),

2022 WL 673582, at *3 (D. Minn. Mar. 7, 2022)); *c.f. Cajune*, 105 F.4th at 1077 (omitting this factor from its analysis but emphasizing that other factors may be relevant in other cases).   In support of her Motion, Plaintiff submitted a licensed psychologist's affidavit describing the harms survivors of childhood sexual abuse may suffer due to the public disclosure of their identities.  (ECF No. 8.)  Upon reviewing the affidavit, the Court concludes that the risk of severe psychological harm to Plaintiff is relevant and compelling.  For all these reasons, the Court grants the Motion.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Plaintiff JA Doe 1's Motion to Proceed Under Pseudonym (ECF No. 4) is **GRANTED**.


Dated:  January 3, 2025                                   *s/ Dulce J. Foster*
                                                         DULCE J. FOSTER
                                                         United States Magistrate Judge